IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case Number:
Judge:


MARK A. TINDALL, an individual, and
MARIE TINDALL, and LEVON TINDALL,
husband and wife,

              Plaintiffs,

   v.

W. HOWARD HARRISON, individually and in
his official capacity as Chief of the City of Plantation
Police Department; the CITY OF PLANTATION,
a municipality; JOSEPH K. MILLER, individually;
and MIGUEL LOPEZ individually; and as yet
UNIDENTIFIED OFFICERS of the City of
Plantation Police Department individually.

              Defendants.

_____/

## **COMPLAINT**

    Plaintiffs, MARK A. TINDALL, MARIE TINDALL and TINDALL sue Defendants,

the CITY OF PLANTATION, W. HOWARD HARRISON, JOSEPH K. MILLER, and

MIGUEL LOPEZ, jointly and severally, and allege:

### **Jurisdiction**

1.    This action is brought pursuant to 42 U.S.C. §§1983, 1988, the Fourth, Fifth, and

Fourteenth Amendments to the United State Constitution, and the tort laws of Florida.

Jurisdiction is founded on 28 U.S.C. §§1331, 1343, 42 U.S.C. §1988, the constitutional

provisions mentioned above, and under the tort law of Florida. Supplemental jurisdiction,

and joinder of parties for additional state law claims is proper pursuant to 28 U.S.C.

§1367(a) because they form part of the *same case or controversy*. Plaintiffs assert multiple state tort law claims.

2.      In connection with the acts, practices and violations alleged below, the Defendants the CITY OF PLANTATION, W. HOWARD HARRISON, JOSEPH K. MILLER, MIGUEL LOPEZ, and as yet UNIDENTIFIED OFFICERS have each, either directly or indirectly violated clearly established constitutional rights, as well as statutory and common law duties owed to each Plaintiff.

3.      All conditions precedent under Florida law for the filing of state law claims have been satisfied. (Exhibit "A" attached)

## Parties

4.      The Plaintiff MARK A. TINDALL, at all times material hereto, has been a resident of Broward County, Florida, over the age of eighteen years and otherwise able to sue in his own capacity.

5.      The Plaintiff MARIE TINDALL at all times material hereto has been a resident of Broward County, Florida, over the age of eighteen years of age, and otherwise able to sue in her own capacity.

6.      The Plaintiff LEVON TINDALL at all times material hereto has been a resident of Broward County, Florida, over the age of eighteen years of age, and otherwise able to sue in his own capacity.

7.      Defendant CITY OF PLANTATION is a municipal entity incorporated in the State of Florida whose boundaries are located wholly within Broward County. The Plantation Police Department is a subdivision of the CITY OF PLANTATION created and

designated to provide law enforcement services subject the all Federal and State statutes and constitutional provisions.

8.     At all times material hereto the actions, policies, procedures, customs and/or practices of the Plantation Police Department are one and the same as those of the CITY OF PLANTATION.

9.     Defendant W. HOWARD HARRISON (HARRISON) is the Chief of Police of the CITY OF PLANTATION Police Department. Defendant HARRISON is sued herein in both his individual and official capacity as set forth and delineated below.

10.    Defendant HARRISON is responsible for the officers in his employ, and ensuring that the officers, employees, servants and agents of the Plantation Police Department obey the laws of the State of Florida and the United States. Defendant HARRISON is also the final policymaker responsible for all operational and investigative policies, training and supervision, practices, customs, and orders of the Plantation Police Department. Defendant HARRISON, sued herein in his official capacity, is synonymous with the Plantation Police Department and the CITY OF PLANTATION.

11.    Defendant JOSEPH K.MILLER (MILLER) is a duly appointed law enforcement officer of the Plantation Police Department, at all times material hereto acting under color of law, to wit: under the color of statutes, ordinances, regulations, policies, practices, customs and usages of the CITY OF PLANTATION, HARRISON, and/or the State of Florida. Defendant MILLER is being sued in his individual capacity.

12.    Defendant MIGUEL LOPEZ (LOPEZ) is a duly appointed law enforcement officer of the Plantation Police Department, at all times material hereto acting under color of law, to wit: under the color of statutes, ordinances, regulations, policies, practices,

customs and usages of the CITY OF PLANTATION, HARRISON, and/or the State of Florida. Defendant LOPEZ is being sued in his individual capacity.

13.      Plaintiffs sue certain as yet UNIDENTIFED OFFICERS of the Plantation Police Department, whose identities can reasonably be determined through discovery, in their individual capacities pursuant to violations committed while acting under the color of law in Broward County, Florida. Thus, the Court has jurisdiction to adjudicate their individual rights with regard to the allegation set forth herein.

**General Allegations of Fact**

14.      Defendants CITY OF PLANTATION (the CITY), HARRISON, MILLER, LOPEZ and UNIDENTIFIED OFFICERS violated Plaintiffs' constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution as well as the laws of Florida. It is further alleged that these violations were committed as a result of malice, recklessness, deliberate indifference, and/or plain incompetence of Defendants MILLER, LOPEZ, UNIDENTIFIED OFFICERS and/or HARRISON; and/or pursuant to the policies, practices and/or customs of Defendant CITY.

15.      On or about August 2, 2014 at approximately 5:00 a.m., police officer MILLER encountered Plaintiff MARK TINDALL while on routine patrol. At the time of the encounter MIILER had no articulable suspicion that MARK TINDALL had been, was at that time, or might become, engaged in any criminal activity.

16.      At the request of Defendant MILLER, MARK TINDALL did give his name and did produce proper identification.

17.      Thereafter, MILLER did unlawfully detain MARK TINDALL, under the color of authority, ordering him to sit on the ground and remain under the officer's control.

18.     Without lawful justification or semblance of cause, MILLER instructed MARK
TINDALL that unless he could explain his presence in the area to the subjective
satisfaction of MILLER he would be arrested for the crime of loitering and prowling.
There existed no probable cause, or arguable probable cause, to arrest MARK
TINDALL for loitering and prowling.

19.     Defendant MILLER'S detention of, and stated intent to arrest MARK TINDALL
for the offense of loitering and prowling was plainly incompetent, and deliberately
indifferent to a clearly established constitutional right.

20.     Seeking to avoid an illegal arrest, and with legal justification to do so, MARK
TINDALL stood and ran away from MILLER; whereupon, MILLER instigated the
assistance of other CITY police officers in a search for MARK TINDALL.

21.     During the course of the ensuing manhunt and search the Defendants MILLER,
LOPEZ, UNIDENTIFIED OFFICERS and/or CITY knew or should have known that no
probable cause existed or reasonably articulable suspicion to apprehend MARK
TINDALL; however, no officer or command personnel sought to intervene and halt
what became an unbridled and unsupervised police activity resulting in further
constitutional violations.

22.     During the course of the search it became known to the CITY'S police officers,
dispatchers, employees and supervisors, including but not limited to Defendants
MILLER, LOPEZ and those UNIDENTIFIED OFFICERS, that MARK TINDALL
suffered from mental illness.

23.     Based on the information provided by MARK TINDALL to Defendant MILLER
at the time he was originally detained, City of Plantation police officers soon presented

themselves at the front door of the home shared by the Plaintiffs. The front door was opened by both MARIE and LEVON TINDALL.

24.       At the front door of Plaintiffs' home Defendants MILLER and/or LOPEZ, as well as other UNIDENTIFIED OFFICERS requested to know whether MARK TINDALL was in the house. After checking, MARIE TINDALL confirmed that he was in his bedroom; whereupon Defendants MILLER and LOPEZ, as well as other of those UNIDENTIFIED OFFICERS rushed into the house despite the protests of MARIE and LEVON TINDALL. At no time did MARIE or LEVON TINDALL give consent to any officer for the entry into their home. In fact, the objections of MARIE and LEVON TINDALL were sarcastically and pejoratively dismissed by an officer, who challenged them to contact "Help Me Howard" if they had a complaint.

25.       Once inside the house, Defendants MILLER and LOPEZ entered an interior hallway and saw MARK TINDALL leave his own bedroom and enter into his parent's bedroom across the hall and lock the door. These Defendants then began to break down the locked door to enter into the room.

26.       Inside the bedroom MARK TINDALL was using a telephone to call 911 emergency dispatch seeking protection from MILLER and/or LOPEZ and/or other City of Plantation Police Officers.

27.       Upon entering the bedroom Defendants MILLER and/or LOPEZ deployed and fired an electronic Taser type weapon striking MARK TINDALL multiple times. Additionally, one or both of these officers used a lachrymose type Pepper spray on MARK TINDALL intended to cause pain, emotional distress and blindness. The combined use of both the Taser type weapon and Pepper Spray, either simultaneously or

near in time, violated the policies, procedures and/or orders of the CITY by creating a fire hazard that endangered the immediate safety of everyone in the house.

28.      At no time did MARK TINDALL offer to do violence to MILLER or LOPEZ, or endanger them in any way. Any passive resistance offered by MARK TINDALL, and/or noncompliance with these Defendants' orders, was justified as MARK was resisting an unlawful arrest.

29.      In an effort intended to conceal their unlawful and tortious acts, and their violation of policies, procedures and orders, Defendants MILLER and LOPEZ did conspire with each other and/or other UNIDENTIFIED OFFICERS to falsify police reports, and/or did fail to fully report the circumstances surrounding their actions.


**Count I**
**False Arrest and Imprisonment - State Tort Claim**
**(Defendants MILLER and LOPEZ)**

30.      Plaintiffs hereby incorporate paragraphs 1- 29 above as if specifically set forth herein.

31.      On or about August 2, 2014 the Defendants MILLER and/or LOPEZ arrested Plaintiff MARK TINDALL while acting under color of law. The arrest affidavit executed by MILLER, and intended to set forth the grounds for the arrest, charged MARK TINDALL with Resisting Arrest With Violence; Resisting Arrest Without Violence, and Loitering and Prowling. (copy of affidavit attached hereto as Exhibit B).

32.      At no time did there exist probable cause, or arguable probable cause, to support the arrest. No reasonable law enforcement officer presented with the same set of

circumstances would have believed that probable cause existed to arrest MARK TINDALL.

33.     The unlawful arrest of MARK TINDALL was the result of the plain incompetence of Defendants MILLER and/or LOPEZ while acting within the course and scope of their employment, and pursuant to the discretionary authority vested in them by the CITY and HARRISON.

34.     As a direct and proximate result of the illegal arrest of MARK TINDALL he was falsely imprisoned in the Broward County Jail for more than fourteen (14) days.

35.     In an effort to conceal the illegal and violative nature of their actions, Defendants MILLER and/or LOPEZ did falsify official reports, and/or did fail to report or concealed the facts and circumstances of their use of force.

36.     The matter was declined for prosecution by the prosecuting authority, the Broward County Office of the State Attorney. (copy of "No Information" attached hereto as Exhibit C).

37.     As a direct and proximate result of the Defendant MILLER'S and LOPEZ'S actions MARK TINDALL suffered incarceration, physical injury, embarrassment, indignity, humiliation, emotional injury, and/or loss of enjoyment of life.

        **WHEREFORE**, the Plaintiff MARK TINDALL requests this Court enter judgment against Defendants MILLER and LOPEZ individually, and award the Plaintiff compensatory and punitive damages, as well as all other further relief this Court deems just and proper.  Plaintiff MARK TINDALL demands trial by jury for all issues so triable by right.

**Count II**
**False Arrest and Imprisonment - §1983 Claim**
**(Defendants MILLER and LOPEZ)**

38.     Plaintiffs hereby incorporate paragraphs 1-29 above, as if specifically set forth herein.

39.     On or about August 2, 2014 the Defendants MILLER and/or LOPEZ arrested Plaintiff MARK TINDALL while acting under color of law. The arrest affidavit executed by MILLER, and intended to set forth the grounds for the arrest, charged MARK TINDALL with Resisting Arrest With Violence; Resisting Arrest Without Violence, and Loitering and Prowling. (copy of affidavit attached hereto as Exhibit B).

40.     At no time did there exist probable cause, or arguable probable cause, to support the arrest. No reasonable law enforcement officer presented with the same set of circumstances would have believed that probable cause existed to arrest MARK TINDALL.

41.     The unlawful arrest of MARK TINDALL was the result of the plain incompetence of Defendants MILLER and/or LOPEZ while acting within the course and scope of their employment, and pursuant to the discretionary authority vested in them by the CITY and HARRISON.

42.     As a direct and proximate result of the illegal arrest of MARK TINDALL he was falsely imprisoned in the Broward County Jail for more than fourteen (14) days.

43.     The matter was declined for prosecution by the prosecuting authority, the Broward County Office of the State Attorney.

44.     In an effort to conceal the illegal and violative nature of their actions, Defendants MILLER and/or LOPEZ did falsify official reports, and/or did fail to report or concealed the facts and circumstances of their use of force.

45.     As a direct and proximate result of the Defendants MILLER'S and/or LOPEZ'S violation of Plaintiff MARK TINDALL'S constitutional rights herein, he suffered incarceration, physical injury, embarrassment, indignity, humiliation, emotional injury, and/or loss of enjoyment of life.

        **WHEREFORE**, the Plaintiff MARK TINDALL requests this Court enter judgment against Defendants MILLER and LOPEZ individually, and award the Plaintiff compensatory and punitive damages, as well as attorney fees pursuant to 42 U.S.C §1988, and all other further relief this Court deems just and proper.  Plaintiff MARK TINDALL demands trial by jury for all issues so triable by right.

### Count III
### Excessive Use of Force – 42 U.S.C. §1983 Claim
### (Defendants MILLER and LOPEZ)

46.     Plaintiffs hereby incorporate paragraphs 1-29 above, as if specifically set forth herein.

47.     At no time during the events giving rise to this action did MARK TINDALL commit any act, motion or gesture to oppose any member of the Plantation Police Department, including Defendants MILLER or LOPEZ, that might reasonably have been interpreted or perceived as a threat to their safety, health or wellbeing.

48.     Moreover, the deployment of both the electronic stun gun Taser like devise, along with the chemical irritant pepper stray violated the CITY'S policies, procedures and/or orders, of which they were subject.

49.     In an effort to conceal the illegal and violative nature of their actions, Defendants MILLER and/or LOPEZ did falsify official reports, and/or did fail to report or concealed the facts and circumstances of their use of force.

50.     The force used by the Defendants MILLER and LOPEZ against MARK TINDALL was excessive, unjustified and gratuitous; and inflicted with malicious and sadistic intent.

51.     As a direct and proximate result of the Defendants MILLER'S and/or LOPEZ'S violation of Plaintiff MARK TINDALL'S clearly established 4th Amendment rights by the use of excessive force, he suffered physical and emotional injury, and/or loss of enjoyment of life.

        **WHEREFORE**, the Plaintiff MARK TINDALL requests this Court enter judgment against Defendants MILLER and LOPEZ individually, and award the Plaintiff compensatory and punitive damages, as well as attorney fees pursuant to 42 U.S.C §1988, and all other further relief this Court deems just and proper.  Plaintiff demands trial by jury for all issues so triable by right.

**Count IV**
**Infliction of Emotional Distress - State Tort Claim**
**(Defendants MILLER and LOPEZ)**

52.     Plaintiffs hereby incorporate paragraphs 1- 29 above, as if specifically set forth herein.

53.     The force used by Defendant MILLER and/or LOPEZ against Plaintiff MARK TINDALL served no legitimate law enforcement purpose, and was done with malevolent intent to harm and cause severe emotional distress.

54.     The force used by Defendant MILLER and/or LOPEZ against Plaintiff MARK TINDALL was outrageous, as it was the result of an abuse and/or usurpation of official public responsibility and trust placed upon them as law enforcement officers.

55.     The status of these Defendants as sworn law enforcement officers placed MARK TINDALL in a position of extreme vulnerability to their actions.

56.     The force used by Defendant MILLER and/or LOPEZ against Plaintiff MARK TINDALL was deliberate and/or reckless, and these Defendants knew, or should have known that emotional harm would result.

57.     In an effort to conceal the outrageous and tortious nature of their actions, Defendants MILLER and LOPEZ did falsify official reports, and/or did fail to report or concealed the facts and circumstances of their use of force.

58.     As the direct and proximate result of the force used by Defendant MILLER and/or LOPEZ Plaintiff MARK TINDALL suffered severe emotional harm.

        **WHEREFORE**, the Plaintiff MARK TINDALL requests this Court enter judgment against Defendants MILLER and LOPEZ individually, and award the Plaintiff compensatory and punitive damages, as well all other further relief this Court deems just and proper.  Plaintiff demands trial by jury for all issues so triable by right.


### Count V
### Battery- State Tort Claim
### (Defendants MILLER and LOPEZ)

59.     Plaintiffs hereby incorporate paragraphs 1-29 and 52 above, as if specifically set forth herein.

60.     On or about August 2, 2014 Defendant MILLER and/or LOPEZ did intentionally and knowingly touch or strike Plaintiff MARK TINDALL against his will without legal justification.

61.     At the time of this unlawful touching or striking Defendants MILLER and LOPEZ were acting under the pretense of their status as sworn law enforcement officers.

62.     In an effort to conceal the criminal, and/or abusive, and/or usurpative nature of their conduct, Defendants MILLER and/or LOPEZ did falsify official reports, and/or did fail to report or concealed the facts and circumstances of their actions.

63.     As the direct and proximate result of the unlawful touching and striking by Defendant MILLER and/or LOPEZ Plaintiff MARK TINDALL suffered physical and emotional injury and loss of enjoyment of life.

**WHEREFORE**, the Plaintiff MARK TINDALL requests this Court enter judgment against Defendants MILLER and LOPEZ individually, and award the Plaintiff compensatory and punitive damages, as well all other further relief this Court deems just and proper.  Plaintiff demands trial by jury for all issues so triable by right.


**Count VI**
**Unlawful Entry- 42 U.S.C §1983 Claim**
**(Defendants MILLER, LOPEZ and UNIDENTIFIED OFFICERS)**

64.     Plaintiffs hereby incorporate paragraphs 1-29 above, as if specifically set forth herein.

65.     On or about August 2, 2014 Defendant MILLER, LOPEZ and those UNIDENTIFIED OFFICERS of the Plantation Police Department unlawfully entered the Plaintiffs' home located at 3630 Northwest 4th Street Lauderhill, Florida

66.     The entry into the TINDALL home by these Defendants was in violation of the Plaintiffs' constitutionally protected 4th Amendment right to be free from unlawful search and seizure. The entry was warrantless and un-consensual, and justified by neither probable cause nor exigent circumstances.

67.     The Defendants MILLER and/or LOPEZ and/or those UNIDENTIFED OFFICERS failed to heed the lawful protests of MARIE and LAVON TINDALL who ordered them to show legal cause for the entry, but instead mocked them in manner that was threatening, arrogant, and contemptuous.

68.     Seeking protection from these Defendants, MARIE TINDALL attempted to use her telephone to call for police assistance through the 911 emergency dispatch line. MARIE TINDALL'S efforts to seek aide were impeded by an UNIDENTIFIED OFFICER who threatened her and who removed the telephone from her hand, and/or who otherwise impeded her ability to provide information to the 911 operators.

69.     In an effort to conceal the illegal nature of their actions, Defendants MILLER, LOPEZ and/or those UNIDENTIFIED OFFICERS did falsify official reports, and/or failed to report and/or concealed the facts and circumstances of the unlawful entry.

70.     As a direct and proximate result of these Defendants violation of Plaintiffs' 4th Amendment rights Plaintiffs MARIE and LEVON TINDALL suffered embarrassment, indignity, humiliation, emotional injury, and/or loss of enjoyment of life.

71.     As a direct and proximate result of these Defendants violation of Plaintiff MARK TINDALL'S 4th Amendment rights herein, he suffered physical injury and/or emotional injury, and/or loss of enjoyment of life.

**WHEREFORE**, the Plaintiffs MARK TINDALL, and MARIE and LEVON TINDALL demand compensatory and punitive damages against Defendants MILLER, LOPEZ and those as yet UNIDENTIFIED OFFICERS, as well as attorney fees and costs, and all other relief the Court deems just and proper.  Plaintiffs demand trial by jury for all issues so triable by right.

**Count VII**
**Assault and Battery – State Tort Claim**
**(Defendants those as yet UNIDENTIFIED OFFICER)**

72.     Plaintiffs hereby incorporate paragraphs 1 – 29 above, as if specifically set forth herein.

73.     After Plantation Police officers made entry into the TINDALL home and began searching for MARK TINDALL, MARIE TINDALL made two attempts to use a telephone to call for emergency assistance for protection from the officers and to protest the illegal entry into the home. MARIE TINDALL sought to use both her cellular telephone and the house telephone.

74.     Both attempts to call for emergency assistance were forcefully impeded by one or more UNIDETIFED OFFICERS, whose identity can reasonably be determined by discovery, who removed one or both telephones from her person.

75.     In removing the telephones this UNIDENTIFIED OFFICER or OFFICERS did unlawfully touch and/or struck MARIE TINDALL against her will, and/or threaten MARIE TINDALL with imminent bodily harm, creating a reasonable fear of harm.

76.     At the time of these unlawful actions the UNIDENTIFIED OFFICER or OFFICERS were acting under the pretense of their status as sworn law enforcement officers.

77.     In an effort to conceal the criminal and/or abusive nature of their conduct, Defendants MILLER and/or LOPEZ and/or those UNIDENTIFIED OFFICER or OFFICERS did falsify official reports, and/or did fail to report or concealed the facts and circumstances of their actions.

78.     As the direct and proximate result of the unlawful touching and striking by Defendant UNIDENTIFIED OFFICER or OFFICERS Plaintiff MARIE TINDALL suffered physical and emotional injury, and loss of enjoyment of life.

WHEREFORE, the Plaintiff MARIE TINDALL requests this Court enter judgment against Defendants UNIDENTIFIED OFFICER or OFFICERS individually, and award the Plaintiff compensatory and punitive damages, as well all other further relief this Court deems just and proper.  Plaintiff demands trial by jury for all issues so triable by right.

**Count VIII**
**Failure to Protect – 42 U.S.C §1983 Claim**
**(Defendants those as yet UNIDENTIFIED OFFICERS)**

79.     Plaintiffs hereby incorporate paragraphs 1 – 29 above, as if specifically set forth herein.

80.     Official police reports of the Plantation Police Department list several officers other than Defendants MILLER and LOPEZ who participated in the events which led to the arrest of MARK TINDALL on August 2, 2014. However, these reports do not specify the actions taken by these assisting officers.

81.     However, one or more of these, as yet UNIDENTIFIED OFFICERS, did also enter into the TINDALL home along with Defendants MILLER and LOPEZ.

82.     All of the incidents, that took place inside the TINDALL home on August 2, 2014, material hereto, occurred within the approximately 610 square feet of space that comprises a living room, kitchen and bedrooms. The configuration of these areas is such that any person present in the living room and/or kitchen area has a clear view of the approximately 15 foot hallway leading to the bedrooms and the bedroom doors themselves.

83.     Each of the UNIDENTIFIED OFFICERS who entered the Tindall home on August 2, 2014 did so either simultaneously, or near in time, to MILLER and LOPEZ, such that they were present and able to view the actions of Defendants MILLER and LOPEZ as they broke down the door leading to the bedroom where MARK had taken refuge.

84.     From the time Defendants MILLER and LOPEZ broke down the door and entered the bedroom MARK TINDALL was screaming for help in a loud and conspicuous way such that any person of average hearing ability would have recognized these screams as a plea for protection from imminent harm.

85.     Moreover, the excessive force exacted upon MARK TINDALL by Defendants MILLER and LOPEZ took place over a time period sufficient to allow these UNIDENTIFIED OFFICERS to intervene. The electronic Taser type weapon was deployed multiple times, and in conjunction with 'pepper' spray.

86.     In fact, during the time MARK TINDALL was being attacked by Defendants MILLER and LOPEZ, enough time elapsed for one or more of the UNIDENTIFIED OFFICERS to intercept and stymie MARIE TINDALL, who was attempting to use another telephone in the house to call for police protection.

87.    More than failing to protect MARK TINDALL by reasonable means, and having the opportunity to do so, one or more of the UNIDENTIFIED OFFICERS did aid and assist MILLER and LOPEZ by intentionally restraining MARIE TINDALL from seeking to halt the unjustified and illegal physical and emotional abuse of her son.

88.    The identity of each officer whom, through nonfeasance failed to protect, or whom was malfeasant by assisting Defendants MILLER and LOPEZ, can be determined through pre-trial discovery.

   **WHEREFORE**, the Plaintiff MARK TINDALL demands compensatory and punitive damages against Defendants, from those as yet UNIDENTIFIED OFFICERS, as well as attorney fees and costs, and all other relief the Court deems just and proper. Plaintiff MARK TINDALL demand trials by jury for all issues so triable by right.

### Count IX
### Violation of 42 U.S.C. §1983
### (Defendant CITY OF PLANTATION and HARRISON
### in his official capacity)

89.    Plaintiffs MARK TINDALL, and MARIE and LEVON TINDALL incorporate paragraphs 1 – 29 above, as if specifically set forth herein.

90.    At all times material hereto, Defendants CITY OF PLANTATION and HARRISON were charged with the plenary responsibilities to adopt and implement policies, rules and regulations to reasonably ensure the protection of the constitutional rights of the public.

91.    These policies, rules and regulations necessarily included the implementation of policies and practices to detect, investigate, evaluate, and/or remediate and/or discipline

the use of excessive force against citizens, including Plaintiff MARK TINDALL, by officers of the CITY.

92.     The CITY and HARRISON were deliberately indifferent to these responsibilities, and to the rights of the public by expressly and/or impliedly failing to adopt or implement such policies or practices.

93.     To the contrary, the CITY and HARRISON did condone and encourage the widespread use of excessive force by its police officers, including, but not limited to Defendants MILLER and LOPEZ, by maintaining a policy that systematically approved all uses of force without scrutiny or meaningful oversight, or adherence to the CITY'S and HARRISON'S written polices and/or orders.

94.     In short, the written policies and orders of Defendants CITY and HARRISON intended to protect citizens from excessive use of force were systematically ignored by HARRISON and the CITY, and supplanted with a practice of deliberate indifference thereto.

95.     Despite easily discernable and discoverable abuses of the CITY's written policies, and/or orders regarding the use of force, Defendant HARRISON, and/or his subordinate command staff, did approve any use of force without meaningful investigation or due diligence.

96.     Scrutiny and review of Plantation Police Department use of force reports from the years 2010 until the present reveals that the CITY, HARRISON, and the Plantation Police Department have approved and/or ratified the use of force in every instance without exception. However, in multiple situations the level of force used was not justified and was in violation of the CITY'S and HARRISON'S own written policies,

procedures and/or orders. On multiple occasions during this time period the official reports and documents necessary for review reflect violation of the written policies on their face.

97.      The failure of Defendants CITY and HARRISON to implement its written policy and/or orders intended to prevent violation of the rights of citizens, and instead maintain a tacit policy of failing to adequately identify and remediate instances of excessive use of force by Plantation Police offices was the direct and proximate result of the harm caused to MARK TINDALL, including physical and emotional injuries, and loss of enjoyment of life.

**WHEREFORE**, the Plaintiff MARK TINDALL demands compensatory and punitive damages against Defendants CITY OF PLANTATION and HARRISON, as well as attorney fees and costs, and all other relief the Court deems just and proper.  Plaintiff MARK TINDALL demand trials by jury for all issues so triable by right.


### Count X
### Violation of 42 U.S.C. §1983
### (Defendants CITY OF PLANTATION and HARRISON
### in his official capacity)

98.      Plaintiffs incorporate paragraphs 1 – 29 above, as if specifically set forth herein.

99.      Prior to their entry into the Plaintiffs' home and their use of force against MARK TINDALL on August 2, 2014 Defendants MILLER and LOPEZ were advised by Plantation Police dispatch that police had previously been to his home for matters related to his diminished mental and/or emotional health.

100.      At all times material hereto Defendant HARRISON was the municipal official authorized to establish the official policies, practices, customs, orders, and/or rules of the

CITY OF PLANTATION with respect to matters of law enforcement, and the regulation of the CITY'S law enforcement officers. This included the proper training and/or supervision of the officers in his employ to deal with persons such as MARK TINDALL, who are experiencing mental and/or emotional illness or malady.

101.    At all times material hereto HARRISON, on behalf of the CITY, failed to adopt and/or implement a policy, practice, custom, order, and/or rule to train and/or supervise the officers within his employ, to recognize, respond to, interact with, encounter, control, and/or use force against, persons who are, or may be, suffering from a diminished mental or emotional capacity or ability.

102.    This failure of HARRISON to adopt and/or implement such policies, procedures, customs, orders or rules on behalf of the CITY, to adequately train and/or supervise the officers in his employ led to a pattern of unlawful arrests and/or the excessive use of force against persons who are, or may be, suffering from a diminished mental or emotional capacity and/or ability, and was the direct and proximate result, and/or a significant contributing factor of the violations of MARK TINDALL'S rights on or about August 2, 2014.

103.    Based on a pattern of similar violations, HARRISON knew, or should have known, of the need to implement a policy for such training and/or supervision, or he was deliberately indifferent to the need.

104.    As a result of this deliberate indifference of the CITY and HARRISON MARK TINDALL suffered physical and/or emotional injury, as well as loss of enjoyment of life.

**WHEREFORE**, the Plaintiff MARK TINDALL demands compensatory and punitive damages against Defendants CITY OF PLANTATION and HARRISON, as

well as attorney fees and costs, and all other relief the Court deems just and proper.

Plaintiff MARK TINDALL demand trials by jury for all issues so triable by right.

**Count XI**
**Violation of 42 U.S.C. §1983- failure to train and/or supervise**
**(Defendant HARRISON individually)**

105.    Plaintiffs incorporate paragraphs 1 – 29 above, as if specifically set forth herein.

106.    At all times material hereto Defendant HARRISON was the municipal official and final policy maker authorized and responsible for adopting and implementing the rules and regulations necessary to adequately train and supervise Plantation police officers with respect to the performance of their discretionary duties.

107.    Defendant HARRISON owed a duty to the public, including the Plaintiffs, to ensure violations of rights did not occur due to a failure to adequately train and/or supervise the officers in his employ.

108.    At all times material hereto, Defendant HARRISON knew, or should have known, the Defendants MILLER and/or LOPEZ and/or the UNIDENTIFIED OFFICERS were not properly trained and/or supervised to lawfully and/or competently perform their discretionary duties as law enforcement officers.

109.    At all times material hereto, Defendant HARRISON knew, or should have known, that Defendants MILLER and/or LOPEZ and/or the UNIDENTIFIED OFFICERS had previously violated the rights of citizens by making arrests unsupported by probable cause, and/or unlawful searches and seizures, and/or excessive use of force.

110.    Despite knowing, or having reason to know, that these officers were not properly trained, and/or required additional and/or closer supervision to avoid inevitable violations

of rights, HARRISON remained deliberately different to the likely foreseeable consequences that such violations would occur.

111.    At all times material hereto, Defendant HARRISON knew, or should have known, that Defendants MILLER and/or LOPEZ and/or the UNIDENTIFIED OFFICERS had previously violated the rights of citizens.

112.    The deliberate indifference of HARRISON personally was a direct and proximate cause of the injuries sustained by MARK TINADALL, and MARIE and LEVON TINDALL on August 2, 2014. As a result they have suffered false imprisonment, and/or physical and/or emotional injury, and loss of enjoyment of life.

**WHEREFORE**, the Plaintiffs MARK TINDALL, and MARIE and LEVON TINDALL demand compensatory and punitive damages against Defendant HARRISON individually, as well as attorney fees and costs, and all other relief the Court deems just and proper.  Plaintiffs demand trial by jury for all issues so triable by right.

Respectfully submitted this 23rd  day of  June, 2015

s/ *David A. Frankel*
David A. Frankel, Esq.

**Law Offices of David A. Frankel, P.A.**
20 South East 20th Street
Fort Lauderdale. Florida 33315
(954) 557-2244
Fla. Bar Number 741779
david@BlueLotusLaw.com